FILED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

2019 FEB -8 A 9: 03

US DISTRICT COURT
HARTFORD CT

Ayanna E. Saunders,
_____
Plaintiff,

v.

Options Unlimited Inc
_____
Defendant(s).

Case No. 3.19CV195 AWT
(To be supplied by the Court)

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1.    Plaintiff resides at the following location: 616 New Park Ave #201
                                           West Hartford, CT. 06110

2.    Defendant(s) reside(s) at the following location [Attach additional sheets if more

space is required]: 693 Bloomfield Ave

                    Bloomfield, CT 06002

                    Suite 202

3.    This action is brought pursuant to [Check all spaces that apply to the type of

claim(s) you wish to assert against the Defendant(s)]:

☒    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et
     seq., for employment discrimination on the basis of race, color, religion, sex, or
     national origin.  Jurisdiction is specifically conferred on this Court by 42 U.S.C. §
     2000e-5(f).  Equitable and other relief is sought under 42 U.S.C. § 2000e-5(g)
     and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

☐    Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621,
     et seq., for employment discrimination based upon age.  Jurisdiction is alleged
     pursuant to 28 U.S.C. §§ 1331, 1337, and/or 1343.  Equitable and other relief is
     sought under 29 U.S.C. §§ 626(b) and (c) or   §§ 633a(b) and (c).

     My Year of Birth is: _____.

☐ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq., for employment discrimination on the basis of a disability against an employer which constitutes a program or activity receiving Federal financial assistance. Jurisdiction is asserted under 28 U.S.C. §§ 1331, 1337 and/or 1343. Equitable and other relief is sought under 29 U.S.C. § 794a.

☐ Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq., for employment discrimination on the basis of a disability against a private employer. Jurisdiction is specifically conferred on this Court by 42 U.S.C.§ 2000e-5(f). See 42 U.S.C. § 12117(a). Equitable and other relief is sought pursuant to 42 U.S.C. § 2000e-5(g). Id.

4. The acts complained of in this suit concern [Check all spaces that are applicable to your claim(s)]:

(A) ☐ Failure to hire me. I was refused a job on the following date(s): ____

_____

(B) ☒ Termination of my employment. I was terminated from my employment on the following date: ___9/3/2017___.

(C) ☐ Failure to promote me. I was refused a promotion on the following date(s): _____

(D) ☐ Other acts as specified below: _____

_____

_____

_____

_____

2

5.    The conduct of the Defendant(s) was discriminatory because it was based upon: race [☒, color ☒, religion ☐, sex ☒, age ☐, national origin ☐ or disability ☐. [Please check all applicable bases for your claim of discrimination and explain further, if necessary]: _____

_____

6.    The facts surrounding my claim of employment discrimination are as follows [Attach additional sheets, if necessary]:

_____

_____    Complaint enclosed    _____

_____

_____

_____

_____

_____

7.    The approximate number of persons who are employed by the Defendant employer I am suing is:_____97_____.

8.    The alleged discrimination occurred on or about the following date(s) or time period:_____January 23, 2017 — September 3, 2017_____.

9.    I filed charges with the:

☒    Equal Employment Opportunity Commission

☒    Connecticut Commission on Human Rights and Opportunities

10.    The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter **(copy attached)**, which I received on or about the following date: 11/08/2018.

[**NOTE:** If you filed charges with the EEOC or the CHRO, you **MUST** attach a copy of the Notice of Right to Sue letter for this Court to consider your claim(s). Failure to do so may result in delaying consideration of your claim(s).]

11.    The EEOC or the CHRO determined that there was no probable cause to believe that discrimination occurred. My reasons for questioning that determination are as follows [Attach additional sheets, if necessary]: _____

_____

_____

_____

12.    If relief is not granted, I will be irreparably denied rights secured under the law(s) referred to in Item Number 3, above.

13.    WHEREFORE, Plaintiff(s) pray(s) that: The Court grant such relief as may be deemed appropriate, including [**NOTE:** While all of the forms of relief listed below may not be available in a particular action, you should place a check next to each form of relief you seek.):

☒    Injunctive orders (specify the type of injunctive relief sought): _____

(Defamation q Character ; Harassment) $40,000    ;

☒    Backpay;

4

☐ Reinstatement to my former position;

☒ Monetary damages (specify the type(s) of monetary damages sought): __

$10,000 (Back pay); 40,000 (Discrimination), $50,000 (retaliation) 40,000 (loss of emply)
Blacklisted
Defamation

☐ Other (specify the nature of any additional relief sought, not otherwise provided for on this form): _____

_____

AND costs and attorneys' fees.

## JURY DEMAND

I hereby    DO ☒    DO NOT ☐ demand a trial by jury.

_____    _Ayanna E. Saunders_
Original signature of attorney (if any)    **Plaintiff's Original Signature**

| | |
|---|---|
| | Ayanna E. Saunders |
| Printed Name and address | Printed Name and address |

( )    (203) 317 8970
Attorney's telephone    Plaintiff's telephone

_____    Saundersayanna759@gmail.com
Email address if available    Email address if available

Dated: _____

# DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _____ on _____.

                  (location)                                     (date)

                                                        **Plaintiff's Original Signature**

(Rev. 3/23/16)

**United States District Court**
**District of Connecticut**

| Complaint |
| --- |

My name is Ayanna E. Saunders I reside at 616 New Park Ave, West Hartford, CT 06110 the plaintiff is Options Unlimited Inc. Located at 693 Bloomfield Ave. Bloomfield, CT 06002 Suite 202. I was unfairly treated, retaliated against and terminated. I believe it was due to my race and color contributed to this action.

I provide the following allegations:

1. On January 23, 2019 plaintiff was hired as a Residential Manager for the King Street Group Home located in East Hartford, C at a yearly salary of $40,000. Plaintiff was considered a mandated reporter, Plaintiff replaced Paula Longo (white).
2. Plaintiff was believes she was treated differently from previous manager Paula Longo, when she was denied assistance and was constantly undermined by Administration in executing her job.
3. Plaintiff inherited group home in complete disarray and was charged with turning things around, by instituting new programs and protocols, addressing disruptive client behavior and personnel issues. Specifically plaintiff was directed to discipline any staff who were non- compliant etc.
4. Former manager Paula Longo was not expected to take on as much responsibilities. Paula Longo was allowed to run group home without protocol.
5. Plaintiff attempted to make these changes but was not given any support and/or guidance and instead was undermined by staff and Administration. For example Plaintiff wrote up staff for neglecting client. However, Mike Lundie (director of services) refused to discipline Ms. Smith even though she was clearly non- compliant.
6. Plaintiff's staff especially Kerrian Smith would constantly refuse to take instructions from her and were openly disrespectful and defiant towards her. Plaintiff filed complaints with administration still nothing was done.
7. Plaintiff made several complaints to Paula Longo (Quality Assurance) regarding conditions in group home. Including resident violent behavior, program and staff. Still nothing was done. Administration ignored vital issues.
8. Plaintiff made several written complaints regarding the hostile work environment. All of which were ignored by administration. Plaintiff complained on Paula Longo (Quality Assurance)for instigating issues between management and staff, and disregarding new procedures in group home regarding a particular resident.

9. In May 2018 Plaintiff filed an official complaint with OP&A regarding conditions in group home.
10. Plaintiff made several complaints to administration regarding the need to establish new program and address resident violent behavior, staff refusal to work with resident and excessive hours worked by management. Plaintiff was told to use her body as a shield when dealing with residents violent behaviors
11. Plaintiff was made to work 80 hour week shifts due to staff refusal to work. Plaintiff would request relief from Administration was denied extra coverage for residents. Yet Option's Unlimited would assist other group home managers when they lacked coverage for their homes.
12. On 8/25/17 a client became very disruptive and violent. After several attempts for hours to reach management Plaintiff had no choice but call the police against Defendant's wishes.
13. At the time Plaintiff did not have adequate coverage for group home, and asked for assistance from administration prior to the date and was denied coverage.
14. On 8/28/17 Mr. Lundie reviewed the incident on the tape and agreed with Plaintiff's decision to call the police.
15. On 8/28/17 Kerrian Smith was overheard verbally abusing resident. Paula Longo also was reported verbally abusing resident.
16. On 8/29/17 Plaintiff made a formal complaint against Paula Longo and Kerrian Smith for abuse and neglect, hostile workplace environment and retaliation and harassment. Nothing was done.
17. On 9/3/17 Plaintiff was placed on unpaid administrative leave for the incident on 8/25/17.
18. Plaintiff was accused of abuse and neglect and later on placed on DDS Abuse & Neglect registry, unable to work in her field.
19. On 9/21/17 the same incident occurred with the same resident. The police were called on the resident. Acting manager was not fired or disciplined.
20. After my termination Paula Longo has now been reinstated as manager with Kerrian Smith as Assistant Manager.
21. Options Unlimited has continued to retaliate against Plaintiff by denying payment of medical bills while still covered by insurance, vacation and sick pay.